UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DENNIS LEE HOGAN, | ) |
| | ) |
| Petitioner-Defendant, | ) |
| | ) |
| v. | ) Case No. 17-20039-JES |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Respondent-Plaintiff. | ) |

# ORDER & OPINION

This cause is before the Court on Petitioner Dennis Lee Hogan's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 45). Hogan alleges that his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is invalid in light of the Supreme Court's recent decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019). For the reasons below, the Court finds Hogan's challenge is barred by the collateral attack waiver in his plea agreement and DISMISSES his § 2255 Motion

## I. BACKGROUND

On July 12, 2017, a federal grand jury in the Central District of Illinois returned an indictment charging Hogan with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At the time of the offense, Hogan had two prior felonies: In 2001, when he was a juvenile, Hogan was convicted of Attempted Criminal Sexual Assault, Criminal Sexual Abuse, and Unlawful Restraint in Illinois. PSR ¶ 28 (d/e 36). This conviction later led to another guilty plea and felony conviction in Illinois when Hogan failed to register as a sex offender in 2014. *Id.* ¶ 34.

In August 2018, Hogan pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in August 2018. *See* Plea Agreement (d/e 21); August 20, 2018 Minute Entry. In the plea agreement he expressly waived his right to collateral review:

> Except as otherwise specified in this plea agreement, in exchange for the United States' recommendations and/or concessions in this agreement, the defendant waives all rights to appeal and/or collaterally attack his conviction and sentence. The term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and/or restitution order and includes the manner and/or method the district court uses to determine, impose, announce, and/or record the sentence.
>
> The defendant's waiver of appeal and collateral attack rights includes, but is not limited to, the waiver of the right to bring any claim that (A) the statute(s) under which the defendant is convicted or sentenced is unconstitutional, and/or (B) the conduct to which the defendant has admitted does not fall within the scope of the statute(s).

Plea Agreement ¶¶ 18-19 (d/e 21). In exchange for pleading guilty, the government agreed to move for an additional one-level reduction in offense level and to recommend a sentence within the applicable sentencing guideline range. *Id.* ¶¶ 11, 13.

The United States Probation Office prepared the Presentence Investigation Report and calculated a total offense level of 25 and a criminal history category of III, resulting in a guideline imprisonment range of 70 to 87 months. PSR 67 (d/e 36). On January 15, 2019, this Court sentenced Hogan to 71 months' imprisonment. Judgment (d/e 38). Hogan did not file a direct appeal.

Hogan has now filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 45). He claims his conviction cannot stand following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the grand jury did not find, and the Indictment did not charge, that he knew that he had a prior felony conviction at the time he possessed the firearm underlying this case.

The government filed its response (d/e 50) and argues that Hogan's claim is procedurally defaulted, barred by the collateral attack waiver in his plea agreement, not cognizable in a postconviction proceeding, and fails on the merits.  Hogan has filed a reply (d/e 51).

## II. DISCUSSION

In his Motion, Hogan argues that his § 922(g)(1) conviction is invalid because the indictment did not comply with the requirements of *Rehaif v. United States,* 139 S. Ct. 2191 (2019).  Under 18 U.S.C. § 922(g), it is unlawful for any person in one of nine relevant categories "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  *Id.*  Under § 924(a)(2), "whoever knowingly violates" § 922(g) "shall be fined as provided in this title, imprisoned not more than 10 years, or both."  In *Rehaif,* Supreme Court held that to be guilty under § 922(g) an individual must know not only that he possessed the firearm or ammunition, but also that he belonged to the relevant category of people barred from possessing a firearm.  139 S. Ct. at 2196.  This is because the "knowingly" mens rea under § 924(a)(2) extends to both the element of possession of the firearm or ammunition *and* the element of the defendant's status in the relevant category.  *Id.*  Here, the relevant category that Hogan was convicted under was a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year."  *See* 18 U.S.C. § 922(g)(1).

The government has raised multiple grounds for this Court to dismiss Hogan's petition.  However, the Court only need address one: Hogan's claim is squarely barred by his collateral attack waiver.  Because the right to collaterally attack a conviction or sentence is a statutory creation, it "can be waived."  *United States v. Wilkozek*, 822 F.3d 364, 367 (7th Cir. 2016).

Moreover, "[i]t is well-settled that waivers of direct and collateral review in plea agreements are generally enforceable." *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013); *see Oliver v. United States*, 951 F.3d 841, 846 (7th Cir. 2020) ("Finality matters in plea agreements, especially when the parties have negotiated for it expressly.").

The Seventh Circuit has "recognized only a 'few narrow and rare' grounds for not enforcing a voluntary and effectively-counseled waiver of direct appeal or collateral review," including "if a district court relied on a 'constitutionally impermissible factor' like race or gender; if the sentence exceeded the statutory maximum; or if the proceedings lacked a 'minimum of civilized procedure.'" *Oliver*, 951 F.3d at 844 (7th Cir. 2020); *United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). None of these circumstances are present here. Moreover, Hogan's challenge here is squarely covered by the terms of the waiver, which waived his right to bring a challenge that "the conduct to which the defendant has admitted does not fall within the scope of the statute(s)." Plea Agreement ¶ 19 (d/e 21).

In his reply Hogan argues, notwithstanding the waiver, that his conviction cannot stand because he is being punished "for a crime that does not exist, per statute, according to law." Reply at 6 (d/e 51). Hogan's argument appears to rely on an overly-broad interpretation of the Supreme Court's decision in *Rehaif*. In *Rehaif,* the Supreme Court did not hold that § 922(g) convictions were unconstitutional or otherwise invalid. Rather the Supreme Court interpreted the statute and held that the correct interpretation of § 922(g) included the element that an individual must know not only that he possessed the firearm or ammunition, but also that he belonged to the relevant category of people barred from possessing a firearm. *Rehaif,* 139 S. Ct. at 2196. Moreover, the Seventh Circuit has made clear that *Rehaif* did not impose any further willfulness requirement. *See United States v. Maez*, 960 F.3d 949, 954 (7th Cir. 2020).

Accordingly, Hogan's conviction continues to be under a constitutionally valid statute and the crime of which he was convicted does indeed exist.

In his reply, Hogan also argues that the collateral attack waiver in his plea agreement does not apply because if his indictment was invalid, then the Court did not have jurisdiction. However, the Seventh Circuit has repeatedly held that "indictment defects are never jurisdictional so they may be waived if not properly presented." *United States v. Maez*, 960 F.3d 949, 956 (7th Cir. 2020) (citing *United States v. Muresanu* 951 F.3d 833, 837–39 (7th Cir. 2020); *United States v. Cotton*, 535 U.S. 625, 631 (2002)). Moreover, in *Oliver,* the Seventh Circuit rejected the petitioners' arguments that a waiver should not be enforced because they raised a jurisdictional challenge or because enforcing the waivers would result in a miscarriage of justice. 951 F.3d at 844. Accordingly, the Court finds Hogan's collateral attack waiver precludes his challenge here.

### III.  CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, as it was here, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, in light of Seventh Circuit precedent, the Court does not find that reasonable jurists could disagree about

whether the procedural ruling is correct. Accordingly, the Court declines to issue a certificate of appealability.

## IV.  CONCLUSION

For the reasons stated, Petitioner Dennis Lee Hogan's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (d/e 45) is DISMISSED as barred by the collateral attack waiver in his plea agreement. The Court DECLINES to issue a certificate of appealability.

This case is CLOSED. The Clerk is DIRECTED and enter the Judgment in favor of Respondent and to close civil case 20-cv-2186.

Signed on this 21st day of October 2020.

/s/ James E. Shadid
James E. Shadid
United States District Judge